UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CECILIA KILAYKO-GULLAS,

                Plaintiff,

-against-

LUIS BESTAIN,

                Defendant.

23-CV-7109 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff, who is appearing *pro se*, brings this action invoking the Court's federal question jurisdiction, 28 U.S.C. § 1331. She asserts a discrimination claim under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e to 2000e-1, against Defendant, a maintenance worker employed by Hotel 17 in Manhattan. By order dated August 15, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth in this order, the Court dismisses the amended complaint.[1]

## STANDARD OF REVIEW

    The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

---

[1] On September 12, 2023, Plaintiff filed an amended complaint.

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id*

## BACKGROUND

Plaintiff, who resides in a New York City shelter, brings this action against Luis Bestain, who she identifies as a senior maintenance worker employed by Hotel 17 in Manhattan, a hotel that also operates as a shelter. Plaintiff alleges that on August 8, 2023, Defendant told her and her son that they could not use the bathrooms on the west side of the hotel on the fifth floor for

"no apparent reason stated other than just to discriminate." (ECF 6, at 5.)² Plaintiff asserts that because all bathrooms at Hotel 17 are public and open to everyone, "[b]y stating to [her] and her son that they cannot use the bathrooms on the 5th floor on the 'other side' of the shelter, Defendant is discrimination at its worst." (*Id*.)

Plaintiff also claims that Defendant has been "harassing" her by not returning a set of keys she accidently dropped in a bathroom at the hotel, which include a mailbox key. (*Id*.) Plaintiff has learned that a cleaning lady had given the keys to Defendant to return to the hotel clerk in the lobby, but Defendant had not done so. Plaintiff asserts that because the mailbox key belongs to the United States Postal Services ("USPS"), that this matter is within this court's jurisdiction. She further indicates that she could report the missing mailbox key as stolen so that the USPS Police can "investigate the matter for prosecution." (*Id*.)

Plaintiff seeks money damages and injunctive relief, including the opening of a small bathroom and the return of the keys, which Defendant is holding "hostage." (*Id*. at 6.)

## DISCUSSION

**A.     Federal Claims**

Plaintiff brings this action under Title VII, which provides that "[i]t shall be an unlawful employment practice for an employer . . . to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex or national origin." 42 U.S.C. § 2000e-2(a). This antidiscrimination statute thus prohibit employers from mistreating an individual because of the individual's protected characteristics, *Patane v.*

---

² Plaintiff writes using irregular capitalization. For readability, the Court uses standard capitalization when quoting from the amended complaint. All other grammar, spelling, and punctuation are as in the original unless otherwise indicated.

*Clark*, 508 F.3d 106, 112 (2d Cir. 2007), or retaliating against an employee who has opposed any practice made unlawful by those statutes, *see Crawford v. Metro. Gov't*, 555 U.S. 271, 276 (2009) (holding that conduct is protected when it "confront[s]," "resist[s]," or "withstand[s]" unlawful actions).

Plaintiff invokes Title VII as the sole basis for federal question jurisdiction and asserts that Defendant discriminated against her and her son by telling them that they could not use a bathroom at Hotel 17. She does not allege, however, that Defendant, or Hotel 17, was her employer, or that she was discriminated against "with respect to [her] compensation, terms, conditions, or privileges of employment" on the basis of her race, color, religion, sex, or national origin. § 2000e-2(a). Because the allegedly discriminatory conduct did not relate to Plaintiff's employment, Plaintiff fails to state a claim on which relief can be granted under Title VII.

Plaintiff also fails to allege facts suggesting that Defendant discriminated against her in violation of any other federal statutory provision. She alleges no facts suggesting that Defendant treated her differently from other similarly situated individuals based on an immutable characteristic – such as race – that would give rise to a federal claim. Her assertion that Defendant Bestain did not restrict other tenants from using the bathroom on the hotel's fifth floor does not suggest that she and the other tenants were similarly situated and that Bestain's treated her differently because of her protected characteristic under federal law. Plaintiff asserts only conclusory claims of discrimination, without any facts to suggest that Defendant subjected her to discrimination in violation of federal law by denying her access to a bathroom at Hotel 17 because of animus against her as a member of any protected group. As the Court finds no basis for an inference that Plaintiff has suffered the deprivation of a federally secured right, Plaintiff's

4

discrimination claims must be dismissed for failure to state a claim on which relief may be granted.

As to Plaintiff's assertion that Defendant has refused to return her keys, she fails to state a claim on which relief may be granted. Mindful of the duty to construe *pro se* actions liberally, the Court has analyzed Plaintiff's claim concerning her keys and finds no plausible allegation of a deprivation of a federally secured right.[3] This claim must be dismissed as it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); 28 U.S.C. § 1915(e)(2)(B)(ii).

**B.     State Law Claims**

A district court may decline to exercise supplemental jurisdiction of state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). Having dismissed the federal claims over which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction of Plaintiff's claims under state law. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which

---

[3] Plaintiff suggests that she has been a victim of a crime and implies that Defendant should be prosecuted because the keys include a mailbox key belonging to the USPS. However, Plaintiff cannot initiate the arrest and prosecution of an individual in this court because "the decision to prosecute is solely within the discretion of the prosecutor." *Leeke v. Timmerman*, 454 U.S. 83, 87 (1981); *see also Conn. Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 87 (2d Cir. 1972) (prosecutors possess discretionary authority to bring criminal actions, and they are "immune from control or interference by citizen or court.").

district courts can refuse its exercise.'") (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997)).

**C.     Leave to Amend Denied**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's amended complaint cannot be cured with an amendment, the Court declines to grant Plaintiff another opportunity to amend.

**D.     Plaintiff's Litigation History**

Plaintiff is not a stranger to this court. She has previously filed several actions that were dismissed for lack of subject matter jurisdiction, for failure to state a claim, or as frivolous. *See Gullas v. Fanny*, No. 13-CV-7258 (S.D.N.Y. Dec. 17, 2023) (dismissed as frivolous and for failure to state a claim); *Gullas v. 1165 Fulton St., HDFC Corp.*, No. 12-CV-3189 (S.D.N.Y. May 9, 2012) (dismissed as barred by the *Rooker-Feldman* doctrine and for failure to state a claim); *Gullas v. Marchisotto*, No. 12-CV-3682 (S.D.N.Y. May 9, 2012 (dismissed for lack of subject matter jurisdiction); *Gullas v. Lippa*, 12-CV-5697 (S.D.N.Y. Sept. 10, 2012) (dismissed for lack of subject matter jurisdiction).

Plaintiff has also litigated several civil actions in the United States District Court for the Eastern District of New York. *See Gullas v. Chhaya Comm. Dev. Corp.*, No. 21-CV-1315 (E.D.N.Y. Apr. 28, 2021) (dismissed for failure to state a claim); *Gullas v. Katz*, No. 12-CV-2959, 2012 WL 3011038 (E.D.N.Y. July23, 2012) (dismissed as frivolous); *Gullas v. 37-31 73rd St. Owners Corp.*, No. 12-CV-2301, 2012 WL 1655520 ( (E.D.N.Y. May 10, 2012) (dismissed for lack of subject matter jurisdiction).

On December 17, 2013, Plaintiff was warned that further vexatious or frivolous litigation in this court may result in an order barring her from filing any new actions IFP without prior permission. *See Gullas*, ECF 1:13-CV-7258, 4; *see also* 28 U.S.C. § 1651. The Court now reiterates that warning. Should Plaintiff persist in filing actions of which the court lacks jurisdiction or that are frivolous or otherwise nonmeritorious, the Court will order her to show cause why she should not be barred under Section 1651 from filing new actions IFP without prior permission. This warning is necessary to conserve this court's judicial resources. *See generally*, *In Re McDonald*, 489 U.S. 180, 184 (1988).

## CONCLUSION

The Court dismisses this action pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). All other pending matters in this case are terminated.

Plaintiff is also warned that further vexatious or frivolous litigation in this court may result in an order barring her from filing any new actions without prior permission.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to enter judgment in this case.

SO ORDERED.

Dated:   October 3, 2023
         New York, New York

                                          /s/ Laura Taylor Swain
                                          LAURA TAYLOR SWAIN
                                          Chief United States District Judge